Louis E. Whitham v. Commissioner. Rebecca M. Whitham v. Commissioner.
Whitham v. Commissioner
Docket Nos. 24972, 24973.
United States Tax Court
1953 Tax Ct. Memo LEXIS 390; 12 T.C.M. (CCH) 71; T.C.M. (RIA) 53031; January 30, 1953
Frank L. Scofield, Esq., and David L. Tisinger, Esq., for the petitioners. Allen T. Akin, Esq., for the respondent. LEMIRE Supplemental Memorandum Opinion LEMIRE, Judge: Memorandum Findings of Fact and Opinion were entered in the above-entitled proceedings on March 16, 1951. In said opinion we ruled on all the issues raised by the pleadings except that pertaining to an alleged net loss carry-back from 1944. With respect to that issue, we said that: "After a painstaking study of the evidence before us, we find that we are unable to make any determination, or even a sound estimate, of the partnership's earnings or losses for 1944. The return itself, even if unchallenged, is not proof of any of the items contained in it. Neither is the revenue agent's report which, so far as the evidence shows, has not *391 been adopted by the respondent and has been challenged by the petitioners who submitted it in evidence. Evidence has been adduced as to some of the items reported in the return but not all of them. "The evidence as a whole indicates that the partnership may have sustained an operating loss for 1944 which petitioners may be entitled to use as a net loss carry-back in their individual returns for 1943 and 1942. We think that in fairness to both parties, and in the light of our rulings on the above issues, an opportunity should be given them to reach an agreement under Rule 50 as to the amount of the partnership's 1944 net operating loss, if any, which may be available to petitioners for a carry-back to 1943 and 1942, and that if they are unable to agree the proceedings should be set down for a rehearing on amended pleadings properly framing the issues upon which we must rule in determining those questions. * * *" Thereafter Rule 50 recomputations were submitted which were in disagreement both as to the 1944 net loss carry-back and other matters pertaining to the taxable years 1942 and 1943 only. On failure of the parties to agree in their Rule 50 recomputations, the proceedings *392 were set down for further hearing on the question of the 1944 net loss carry-back. At such hearing held on February 25, 1952, the parties filed a joint motion stating, in part: "I. In the opinion of this court filed March 16, 1951, the parties were directed to amend the pleadings so as to properly frame the issues as to whether or not the petitioners sustained a net operating loss for the taxable year 1944 and as to the amount and availability of any operating loss deduction that could be carried back from the said year 1944 for use in computing the net taxable income of petitioners for the years 1942 and 1943. "II. The parties hereto have amended their pleadings and have filed recomputations of petitioners' taxable income for the years 1942 and 1943 together with their respective understandings and contentions concerning petitioners' 1944 taxable income. * * *
"IV. The parties hereto respectfully suggest that all of the facts necessary to be placed before the court concerning the amount of the 1944 operating loss deduction are contained in the record and the parties hereto believe that these proceedings can be adequately presented to the court without the necessity of either *393 party to the proceedings presenting any further oral testimony. "V. Now, therefore, the parties * * * move this court for an order permitting the petitioners to file with the court their request for supplemental finding of fact at such time as the court may direct, and within thirty days after service of a copy of the petitioners' request for supplemental finding of fact on the respondent, that the respondent be permitted to file his acquiescence or objections to petitioner's proposed finding of fact and his request for supplemental finding of fact, and the petitioner be given thirty days after service thereof to file reply thereto * * *." Thereafter the parties filed Supplemental Proposed Findings of Fact and Briefs in support of their respective recomputations. Petitioners state in their brief that: "* * * The only clear and fair way to make up the computation is to start, as did the 90 day letter, with the reported income and to then adjust it in accordance with the findings of this Court, which naturally supersede and replace the purported determinations of the Commissioner." This suggested procedure is, of course, erroneous. The starting point in a recomputation of a *394 tax liability, pursuant to an opinion of this Court, is the respondent's determination as set out in the deficiency notice. That determination is prima facie correct. It is to be adjusted under a Rule 50 recomputation only with respect to the facts found and the matters agreed upon by the parties or ruled upon by the Court in its opinion. The opinion previously entered by this Court, March 16, 1951, clearly disposes of all the issues presented to the Court except that pertaining to the 1944 net loss carry-back. The recomputations should, therefore, reflect those adjustments to the deficiencies determined in each of the proceedings. We will confine our discussion here solely to the question of the 1944 net loss carry-back. As to that issue, petitioners' principal contention is that the partnership in 1944 had a nonbusiness capital loss on the sale of the L. E. Whitham Construction Company stock of $73,500 and a nonbusiness capital gain on the sale of equipment of $47,423.26, and that the nonbusiness capital gain was absorbed by the nonbusiness capital loss, leaving the partnership's operating loss for 1944, as otherwise determined, available for a carry-back to 1943 and 1942. The *395 relative positions of the parties, as stated by petitioners in their brief, are as follows: "The gist of the dispute between Respondent and petitioners is that Respondent asserts that the loss on the stock is 'nonbusiness' and therefore cannot be used as an offset to the gain on the equipment which, Respondent asserts, is 'business.' Therefore, in effect, says Respondent, because the gain on the equipment is not offset by the loss on the stock, the gain remains available for use as an off-set to the operating loss, thereby eliminating the availability of the said operating loss for carry-back purposes. "On the other hand, petitioners will show the Court that the capital gain on the sale of the equipment is more than offset by the capital loss on the sale of the stock, hence the economic loss of the partnership for the year 1944 is much greater than the operating loss and the latter, therefore, is available to petitioners as a carry-back deduction to the year 1942." Respondent's proposed Rule 50 computation shows the allowance in 1944 of a longterm capital loss of $73,500 on the sale of the L. E. Whitham stock and an ordinary gain of $47,423.26 on the sale of equipment. Finally, *396 the computation shows an ordinary partnership net operating loss of $26,234.12 and a net capital loss of $13,038.37. It is now well settled, and the parties here seem to agree, that only operating losses, that is, losses from a business legally carried on, are available for carry-over and carry-back purposes under section 122. See ; ; ; , affirmed ; , affirmed . The partnership loss on the sale of the L. E. Whitham Construction Company stock was not an operating loss, under the rule of the cases cited, and none of that loss may be carried forward or back as an operating loss. Neither was the gain on the sale of equipment an operating or business gain. It was a nonbusiness capital gain, which served only to reduce the nonbusiness capital loss of the partnership. Neither this capital loss nor the capital gain has any effect on the net loss carry-back. See *397 The respondent is in error, we think, in treating the gain on the sale of the equipment as a business capital gain and applying it to reduce the actual operating loss otherwise available for a carry-back. We think the petitioners are correct in their contention that they are entitled to carry-back to 1942 and 1943 as a net operating loss of the year 1944 the partnership's 1944 net operating loss of $26,234.12, shown in respondent's Rule 50 computation. Respondent now makes the contention in his brief, for the first time, that there was never any bona fide sale by the partnership of the L. E. Whitham stock in 1944. That argument goes outside of any question raised by the pleadings, and is inconsistent with his allowance of the capital loss of $73,500 in 1944, as shown in his recomputation. In any event, the evidence before us does not support the contention that there was not a bona fide sale of the stock by the partnership in 1944. In their amended petition the petitioners raised several other minor issues pertaining to the 1944 net loss carry-back but, as we have previously stated, the evidence before us does not afford a basis for a ruling on those issues. The parties will *398 file revised recomputations in accordance with the original Findings of Fact and Opinion and this Supplemental Opinion. Decisions will be entered under Rule 50.